UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUMLEY MOORE,

      Plaintiff,

vs.

DEUTSCHE BANK NATIONAL, and
TROTT & TROTT, P.C,

      Defendants.
_____/

Case No. 07-11114

HONORABLE PAUL D. BORMAN
HONORABLE STEVEN D. PEPE

**REPORT AND RECOMMENDATION**

      On July 10, 2007, Defendants filed their motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) alleging that the factual and legal claims contained in Plaintiff's complaint are barred from review by this Court under the *Rooker-Feldman* doctrine and the common law doctrine of *res judicata* (Dkt. #7). All pretrial proceedings were referred on July 11, 2007 (Dkt. #8). For the reasons indicated below, it is **RECOMMENDED** that Defendants' motion to dismiss be **GRANTED** and Plaintiff's complaint be dismissed with prejudice.

**I.    BACKGROUND**

      Plaintiff executed a mortgage on January 7, 2002, recorded February 11, 2002, Liber 35555, page 1033, Wayne County Register of Deeds, to buy the property located at: Lot 123, MONDALE PARK SUBDIVISION, as recorded in Liber 49, on Page 15 of Plats, Wayne County Records, property tax ID #Ward 22, Item #074797, commonly known as 8438 Ashton

1

Avenue, Detroit, Michigan 48228 ("Subject Property").

As a result of a foreclosure, the Subject Property was sold at a mortgage sale on April 20, 2005. The six-month statutory redemption period expired on October 20, 2005. On December 15, 2005, 36th District Court Judge Ted Wallace granted judgment for possession of the Subject Property to Deutsche Bank National Trust Company, In Trust for Registered Holders of GSAMP Trust 2002-HE-2 Mortgage Passthrough Certificates, Series 2002-HE-2 ("Deutsche Bank"). An Order evicting the occupants was to be issued on or after January 3, 2006, unless the occupants moved.

On December 22, 2005, Plaintiff filed a Claim of Appeal on the above-mentioned judgment, with the Wayne County Clerk's Office. Deutsche Bank's counsel received a copy of the Claim of Appeal from Plaintiff via First Class Mail. A Scheduling Order was issued by the Court on January 3, 2006.

When Plaintiff failed to comply with the Michigan Court Rules and the Wayne County Circuit Court's Scheduling Order, Deutsche Bank filed a motion to dismiss this appeal. The Wayne County Circuit Court reviewed the motion, heard oral arguments, and granted the motion dismissing Plaintiff's appeal (Dkt. #7, Ex. A). This March 17, 2006, Order affirmed the judgement of possession in favor of Deutsche Bank and remanded to the 36th District Court for issuance of the writ. The Wayne County Circuit Court further ordered that Plaintiff and all occupants of the Subject Property should vacate the Subject Property forthwith.

Rather than seek further review by the Michigan Court of Appeals, Plaintiff sought review in this Court alleging a federal question. His original complaint involved some of the same issues and defendants involved in the present case. After Defendants filed a motion to

2

dismiss, this Court, on October 31, 2006, adopted an August 31, 2006, Report and Recommendation, and granted Defendants' motion to dismiss the federal complaint (Dkt. #7, Ex. B). *See*, *Moore v. Trott and Trott, P.C.*, No. 06-11250, 2006 WL 3103671 (E.D. Mich., Oct. 31, 2006).

Plaintiff filed another complaint in this District claiming that he was illegally arrested and removed from the Subject Property in violation of Title 11 U.S.C. 362 and M.C.L.A. 600.6419 for false arrest. *See*, *Moore v. Deutsche Nat. Trust Bank*, No. 07-11668, 2007 WL 1364827 (E.D. Mich., May 9, 2007). That case was dismissed as well under 28 U.S.C. § 1915(e)(2) for Plaintiff's failure to state a claim upon which relief could be granted (Dkt. #7, Ex. C).

Plaintiff has now filed another complaint contesting the underlying foreclosure action now claiming diversity jurisdiction. His complaint is seriously disjointed. Plaintiff fails to develop any arguments, but rather submits several pages of case law without explanation. He does indicate that pursuant to Local Rule 83.11 that the present case is one that has been previously dismissed by Judge Borman (Case No. 06-11250), and that a companion case exists in the 36th District Court before Judge Ted Wallace.

**II.     ANALYSIS**

**A.     <u>Standard Of Review</u>**

A motion under Fed. R. Civ. P. 12(b)(1) challenges a court's subject matter jurisdiction. In *Ramos v Nebraska*, 396 F. Supp. 2d 1053, 1056, (2005), the Court explained "A court does not obtain subject matter jurisdiction just because a plaintiff raises a federal question in his or her

3

complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." According to the Court in *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir.1990), "Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties. A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under Rule 12(b)(6) motions to dismiss.

On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. Such a factual attack on subject matter jurisdiction commonly has been referred to as a "speaking motion." *See generally* C. Wright & A. Miller, *Federal Practice and Procedure* § 1364, at 66264 (West 1969). When facts presented to the district court give rise to a factual controversy, the district court must weigh the conflicting evidence whether subject matter jurisdiction exists or not. In reviewing these speaking motions, a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir.1977)." A district court may also make factual determinations when deciding a Rule 12(b)(1) motion. *See Faibisch v. University of Minnesota*, 304 F.3d 797, 801 (8th Cir.2002) (a district court's fact findings concerning availability of the relief sought by plaintiff is reviewed for clear error).

Fed. R. Civ. P 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a

4

matter of law, the plaintiff is entitled to legal relief even in everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 1965 (2007)*, Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007)  " Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations," *Twombly*  127 S.Ct. at 1965 (quoting *Neitzke v. Williams,* 490 U.S. 319, 327(1989)).  "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions."  *Columbia Natural Res., Inc*., 58 F.3d at 1109.  "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'"  *In re DeLorean*, 991 F.2d 1236, 1240 (6th Cir. 1993) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)).  *See also, Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (liberal Rule 12(b)(6) review is not afforded legal conclusions and unwarranted factual inferences); *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (per curiam) (mere conclusions are not afforded liberal Rule 12(b)(6) review).

   Here we are dealing with a pro se Plaintiff.  *Haines v. Kerner,* 404 U.S. 519, 520 (1972), noted that "allegations [of a pro se claimant] . . . however inartfully pleaded" . . . are held "to less stringent standards than formal pleadings drafted by lawyers."  Yet, the broad scope of *Haines* is open to question and seems to have been restricted by *Twombly*, 127 S.Ct. 1968.  *Haines* relied on the often quoted statement from *Conley v. Gibson*, 355 U.S. 41, 46 (1957), which spoke of "the accepted rule that a complaint should not be dismissed for failure to state a claim unless *it*

*appears beyond doubt* that the plaintiff can *prove no set of facts* in support of his claim which would entitle him to relief" (emphasis supplied). That portion of *Conley* was expressly rejected in *Twombly*, 127 S.Ct .at 1968, because under a "literal reading of *Conley*'s 'no set of facts' standard, a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." In rejecting this literal reading of *Conley*, the *Twombly* opinion requires that pleadings state sufficient facts to show *not just a possible, but a "plausible" claim of relief* (emphasis supplied). Instead of the 'no set of facts' standard of *Conley, Twombly* endorsed the standard that a complaint be plausible to the extent that from the facts alleged there is a " 'reasonably founded hope' " that a plaintiff would be able to make a case," citing *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 347 (2005) and its quote from *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 741(1975). *Erickson v. Pardus,* 127 S.Ct. 2197, (2007), decided the same term as *Twombly*, upheld a poorly drafted *pro se* inmate's Eighth Amendment claim quoting both *Twombly* and *Conley,* but it did not cite *Haines* nor the 'no set of facts' standard from *Conley*.

    The *Twombly* limitation on *Conley* and *Haines* is consistent with the holdings of several prior Sixth Circuit opinions. While acknowledging that the standard for dismissals under Rule 12(b)(6) is liberal and that *pro se* claimants are given special consideration, a complaint nonetheless "must contain either direct or inferential allegations regarding all the material elements" and the allegations must constitute "more than bare assertions of legal conclusions." *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003)*,* quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988) (internal quotation marks and citations omitted).

*Spadafore v. Gardner,* 330 F.3d 849 (6th Cir. 2003) (stating that the complaint must contain more than a bare averment that the Plaintiff "wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a right of action." (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1216, at 163 (2d ed.1990)); *In re Sophomore Dane Group, Inc.,* 123 F.3d 394, 400 (6th Cir. 1997)("bare allegations of legal conclusions"are not sufficient because they are not the core facts.); *In re Delorean Motor Co.,* 991 F.2d 1236. 1240 (6th Cir. 1993)(a complaint must include direct or indirect allegations "respecting all of material elements to sustain a recovery under some viable legal theory").

### B. Factual Analysis

In *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997), the Sixth Circuit held that district courts must screen complaints under 28 U.S.C. §1915(e)(2) from indigent non-prisoners. Moreover, "the screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The moment the complaint is filed, it is subject to review under §1915(e)(2). The complaint must be dismissed if it falls within the requirements of §1915(e)(2) when filed." *Id*. at 608-609.[1]

Under § 1915(e)(2), notwithstanding any filing fee, or any portion thereof, that may have

---

[1] The language of §1915(e)(2) is mandatory in its use of "shall dismiss" unlike the language of its predecessor version in superceded §1914(d). Section 1915(e)(2) is essentially identical to the early *sua sponte* dismissal provisions of §1915A(b) in the Prisoner Litigation Reform Act except that §1915A applies only to prisoners and does not contain the provision concerning the allegation of poverty. Yet, complaints by non-prisoners are subject to the screening process required §1915(e)(2), even if the non-prisoner is not seeking waiver of prepayment of fees. *McGore,* 114 F.3d at 604. The language of §1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners.

7

been paid, the court shall dismiss the case at any time if the court determines that--

(A) the allegation of poverty is untrue; or

(B) the action or appeal–
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

### 1. *Under the Rooker-Feldman Doctrine, Inferior Federal Courts Lack Authority to Perform Appellant Review of State Court Decisions.*

Dismissal of Plaintiff's complaint against all Defendants is warranted under §1915(e)(2) for failure to state a claim upon which relief may be granted. *See*, §1915(e)(2)(B)(ii). Because this matter involves review of a state proceeding, which was ultimately dismissed, the claim is barred by the abstention doctrine or the *Rooker-Feldman* doctrine which dictates that only the United States Supreme Court has jurisdiction to review a state court decision. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923), the Supreme Court, in reviewing an attempt to seek relief from a state-court judgment, stated that "no court of the United States other than this court could entertain a proceeding to reverse or modify the [state court] judgment." In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), the Supreme Court further reaffirmed that "the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings." The doctrine prevents both a direct attack of the substance of a state court decision and a challenge to the procedures used by the state court in arriving at its decision. *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001).

Moreover, the Supreme Court recently reaffirmed the doctrine, holding that the doctrine applies to "cases brought by state court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corporation v. Saudia Basic Inds. Corp.*, 544 U.S. 280, 284 (2005). As Plaintiff's complaint is alleging similar arguments as the state court case that was ultimately dismissed, the *Rooker-Feldman* doctrine would make this Court's consideration of this claim improper. Accordingly, this Court is precluded from exercising subject matter jurisdiction.

### 2. *Plaintiff's Complaint is Barred by the Doctrine of Res Judicata.*

The doctrine of *res judicata*, or claim preclusion, bars a subsequent action between the same parties when the evidence or essential facts are identical. Michigan has adopted a broad application of the doctrine of *res judicata*, which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Road Commission*, 226 Mich. App. 389, 396 (1997). Application of the doctrine of res judicata requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562 (1997). "The test for determining whether two claims are identical for *res judicata* purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Mut. Auto. Ins. Co.*, 202 Mich. App. 393, 401 (1993), mod'f on other grounds, *Patterson v. Kleiman*, 447 Mich. 429, 433 n. 3 (1994).

Moreover, the doctrine of *res judicata* applies equally to facts and law. The test for

9

determining whether matters are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two actions. *Jones*, 202 Mich. App. at p. 401. In the present case, even a cursory review of Plaintiff's previous pleadings, make it clear that it contains nothing more than a recitation of similar, if not identical facts and law that has been argued once in Wayne County Circuit Court and twice in this court against the same defendants. As such, the factual and legal claims contained in the complaint currently before this Court are barred by the doctrine of *res judicata* and should be dismissed with prejudice.

Accordingly, under the *Rooker-Feldman* doctrine and Michigan's doctrine of *res judicata*, this Court is without jurisdiction to consider Plaintiff's claims. Therefore, Plaintiff's complaint should be dismissed in its entirety based on this Court's lack of subject matter jurisdiction.

### III. RECOMMENDATION

For the reasons indicated above, it is **RECOMMENDED** that Defendants' motion to dismiss be **GRANTED** and Plaintiff's complaint be dismissed with prejudice. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 17, 2007  s/Steven D. Pepe
Ann Arbor, Michigan  United States Magistrate Judge

Certificate of Service

I hereby certify that on August 17, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: George R. McKay., and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Rumley Moore, P.O. Box 92056, Warren, MI 48092

s/ James P. Peltier
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
pete_peltier@mied.uscourts.gov